## Miller v. Allegheny County

Before McNaugher, P. J., O'Brien and Nixon, JJ.

*Lois J. McKee* and *McArdle, Harrington & McLaughlin*, for plaintiff.

*Maurice Louik* and *Pringle, Bredin & Martin*, for defendants.

NIXON, J., March 28, 1961.—This is an action in trespass in which plaintiff seeks to recover damages

for injuries allegedly sustained while a prisoner in the Allegheny County Prison. The complaint alleges that the county has under its care and direction the supervision, control, management and maintenance of the Allegheny County Prison; and that the defendant Price is the warden of the prison and supervises, manages and maintains the prison for the benefit of the county.

It appears from the allegations of the complaint that plaintiff fell while he was ascending metal stairs in the prison at meal time, due to a slippery condition occurring after fellow prisoners had spilled coffee, soup and other substances on the stairway. Preliminary objections were filed by the county, asserting that the complaint fails to state a good cause of action upon which recovery could be had against either defendant because the complaint shows on its face that: (a) The plaintiff is barred from recovery from either defendant by governmental immunity; (b) the proximate cause of the accident was the action of plaintiff's fellow prisoners; and (c) each defendant was engaged in governmental matters under circumstances where the doctrine of respondeat superior is not applicable. A separate appearance was entered for defendant, Grant F. Price, by the county solicitor.

Following the filing of the preliminary objections, plaintiff obtained a rule to show cause why the complaint should not be amended. The amendment sets forth that portions of the prison are used for prisoners from other communities "whose maintenance and care is paid for by other persons, agencies and entities." The county filed an answer to the rule objecting to the legal conclusion in plaintiff's proposed amendment which stated that the jail was "maintained and controlled by both defendants in a proprietary capacity of the County of Allegheny." The answer also raised the matter of the court taking judicial notice of the Act of March 23,

1865, P. L. 607, which vests control and management of the prison in a board known as the Inspectors of the Allegheny County Prison. We have before us the preliminary objections, the rule to show cause, and the answer thereto.

The Act of March 23, 1865, P. L. 607, provides:

"Section 1. Be it enacted by the Senate and House of Representatives of the Commonwealth of Pennsylvania in General Assembly met, and it is hereby enacted by the authority of the same That the persons, now holding the following offices and their successors, in Allegheny county, shall compose a board to be known by the name and style of Inspectors of the Allegheny county prison, to wit: the judges of the court of common pleas and district court of said county, the sheriff, controller and county commissioners thereof, the mayors of the cities of Pittsburgh and Allegheny; in which board, and the officers appointed by it, the safe keeping of prisoners, the discipline, government and management of said institution, shall be exclusively vested. . . ."

"Section 2. . . . the board shall meet monthly, or oftener, if required, and keep regular minutes of their proceedings, in a book, to be filed with the financial records of the county, and shall make such rules and regulations, for the government of the prison, as may be deemed necessary; the board shall appoint a warden of the prison . . . , who shall reside in the building, and not absent himself at night, without the written consent of two members of said board; the warden, subject to the approval of the board, may appoint any deputy, or assistant, required, in taking care of the prison. . . ."

We take judicial notice of the provisions of this act. The control and management of the prison is vested in the Board of Prison Inspectors and not in the County of Allegheny. The complaint therefore does not state a cause of action against the county.

Under the allegations of plaintiff's complaint the warden, Grant F. Price, would be liable under the doctrine of respondeat superior. However, Mr. Price is not the master if a master-servant relationship exists. Mr. Price is appointed by the Board of Prison Inspectors and is the servant or agent of the board. In seeking to impose liability upon a responsible defendant the doctrine of respondeat superior looks to the actual or ultimate master and does not impose that liability in turn upon each employee who may have some authority or control over his subordinate fellow employees.

Further it must be pointed out that merely because the Allegheny County Prison accepts prisoners from other authorities, e.g. the United States or the Commonwealth of Pennsylvania, does not convert it into a private prison, or cause it to be operated in a proprietary fashion. The operation of a prison is a governmental function. Even if we were to hold that Warden Price was the master in this situation, he nevertheless would be immune from liability because his alleged negligent act was performed while carrying on a governmental function. The fact that the maintenance of "outside" prisoners is paid for by other entities does not destroy the governmental immunity.

The complaint fails to state a valid cause of action against either defendant. Plaintiff's rule to show cause will be discharged, the defendant's preliminary objections sustained, and the complaint dismissed at the cost of plaintiff.

### Order of Court

And now, March 28, 1961, it is ordered that plaintiff's rule to show cause be and it is hereby discharged. It is further ordered that defendants' preliminary objections be sustained, and the complaint is dismissed at the cost of plaintiff.